UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

LEON ROBINSON                                                                     PETITIONER

v.                                                                                       No. 4:05CR090-M

UNITED STATES OF AMERICA                                                          RESPONDENT


MEMORANDUM OPINION

This matter comes before the court on the motion of Leon Robinson to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The government has responded to the motion. Robinson has not replied, and the deadline to do so has expired. The matter is ripe for resolution. For the reasons set forth below, the instant motion shall be dismissed as procedurally barred.

**Facts and Procedural Posture**

At approximately 5:00 A.M. on November 4, 2002, Derrick McGee, the manager of Popeye's Chicken in Greenville, Mississippi, was confronted by a male individual who drove up to the restaurant's drive through window, knocked on it, and demanded change for a 20 dollar bill. McGee informed the individual that the store opened at 6:00 A.M. and he could not help him until that time. Shortly after 6:00 A.M., the individual returned, approached McGee while he was outside in the store freezer, and again asked when the store would open. McGee told the individual that he would open the store momentarily and when he actually did so, the individual ordered a biscuit sandwich. As McGee was ringing up the order, the individual vaulted the restaurant's front counter, pulled a gun, pointed it at McGee and demanded money.

After pulling the gun on McGee, the robber ordered two other store employees who were present and preparing the store for opening to get into the store's chicken cooler. Once they

complied with the order, the robber ordered McGee to go to the store office and open the store safe.

McGee tried to open the safe as the robber held a gun to his head, but was unsuccessful in his first attempt. At that point, the robber threatened to shoot him and McGee subsequently managed to open the safe on his second try. He provided the robber with the money from the safe and was then ordered to join his co-workers in the chicken cooler. Once McGee entered the chicken cooler, the robber ordered the three employees to move to the back wall.

At the same time, Jamie Hanger, another Popeye's employee, arrived at work a few minutes late. She did not see any of her co-workers when she entered the restaurant, but instead saw an individual she recognized as Leon Robinson standing by the door of the chicken cooler trying to close it. Ms. Hanger knew Robinson through a mutual friend and from church, and had also waited on him and talked with him on past occasions when he frequented the Popeye's store. Hanger asked Robinson what he was doing behind the counter and asked him to open the employee door. When he failed to do so, she climbed over the counter. As she surveyed the scene and noticed that the food was unattended and burning, Leon Robinson fled the store, driving away in a gold van. Moments later, her fellow employees emerged from the chicken cooler and told her they had just been robbed.

When police arrived on scene, the employees recounted the events of the morning and Jamie Hanger and another employee advised police that the robber was Leon Robinson. After receiving consent to search the Robinson residence from Leon Robinson's wife, LaSaundra, officers went to the Robinson residence in Leland, Mississippi. While searching the residence, officers located clothing matching the description of clothing worn by the Popeye's robber, along with $642 in cash. Some of the cash recovered from the residence was still banded as if it had just come from the bank.

During their search of Robinson's residence, police also located a gold van parked in the driveway which matched the description of the vehicle driven by the robber. The van was towed from the residence to the Greenville Police Department, where it was subsequently searched pursuant to a consent form signed by Robinson's wife. Inside the van, Officer Keith Jackson of the Greenville Police Department found a Davis Industries, 32 caliber pistol loaded with a magazine and three rounds of ammunition. The pistol and the accompanying magazine were seized as evidence.

During the ensuing investigation, Derrick McGee and Jamie Hanger picked Leon Robinson from a photographic line-up, identifying him as the individual who had robbed the Popeye's chicken at gun-point. At trial, McGee and Hanger again identified Robinson as the Popeye's robber. McGee also identified the firearm that was introduced in this case as the firearm that Leon Robinson brandished and held to his head on the day of the robbery.

At trial, the jury also heard from Bruce Hardison, a friend of the defendant's and registered owner of the firearm recovered from Leon Robinson's van. Hardison testified that he purchased the gun in 2000 and kept it until September or October of 2002 when he and Leon Robinson took the gun out target shooting and he inadvertently left it in Robinson's car. Hardison further testified that he was never able to retrieve his gun from Robinson, and that a short time after the Popeye's robbery, Robinson told him, "They got your gun."

The firearm, magazine and ammunition found in Robinson's van were sent to the Mississippi Crime Laboratory for fingerprint analysis. A fingerprint examiner was able to recover a partial print from the magazine and testified that when this fingerprint was compared to known inked fingerprints taken from the defendant, it was found to match the left middle finger of Leon Robinson.

On July 28, 2005, a one-count indictment was returned by a federal grand jury sitting in the Northern District of Mississippi, charging Leon Robinson, also known as Willie Earl Robinson, with being an armed career criminal in possession of a firearm in violation of 18 U.S.C. § 924(e). A superseding indictment returned on September 1, 2005, changed only the date of the alleged offense. Thereafter, Robinson was convicted of being a felon in possession of a firearm by a jury in the United States District Court for the Northern District of Mississippi on September 27, 2005. Following the return of the guilty verdict, the jury was presented with testimony concerning Robinson's numerous prior convictions. Subsequently, the jury determined that Robinson had been convicted of three or more crimes of violence or drug trafficking offenses as defined in 18 U.S.C. § 924(e) and as charged in the indictment. He was sentenced to a term of two hundred and sixty-two (262) months in the custody of the Bureau of Prisons. On August 8, 2006, the Fifth Circuit affirmed his conviction. Leon Robinson filed this motion to collaterally attack his conviction on January 31, 2007.

### Leon Robinson's Grounds for Relief

Leon Robinson alleges that the trial court erred on two grounds: first, that the district court's erroneous admission of the pistol magazine, hopelessly prejudiced Robinson's trial; and, second, that the sentence imposed was unreasonable as it was determined by disputed facts, as contained in ¶ 17 of the presentence investigation report, not submitted to a jury. Each of these claims was raised and rejected on Robinson's direct appeal:

> Robinson argues that the district court erred by admitting into evidence a detachable magazine, bearing Robinson's fingerprint, which was found with the firearm identified in the indictment. He contends that the magazine should have been excluded from evidence because its potential to prejudice the jury exceeded its probative value. Robinson further argues that his sentence violates the Sixth Amendment because it is based in part on facts not found by the jury or stipulated to by Robinson. He suggests that his sentence is unreasonable under *United States v. Booker*, 543 U.S. 220 (2005), because the trial court considered his use

of the firearm in the armed robbery as relevant conduct under the United States Sentencing Guidelines.

We conclude that the admission of the magazine into evidence was within the broad discretion of the district court. *United States v. Wilson*, 355 F.3d 358, 361 (5th Cir. 2003). The court instructed the jury that the magazine was not an illegal weapon, and Robinson's fingerprint on the magazine is probative of the fact that Robinson possessed the firearm. *Id.*

The district court's consideration of Robinson's relevant conduct in determining the appropriate guidelines sentencing range did not violate the Sixth Amendment. *United States v. Alonzo*, 435 F.3d 551, 553 (5th Cir. 2006); *United States v. Johnson*, 445 F.3d 793, 798 (5th Cir.), *cert. denied*, __ S.Ct. __, 2006 WL 154471 (2006) (No. 05-10908). Robinson's sentence, which is at the bottom of the properly calculated advisory sentencing guidelines range, is not unreasonable and, accordingly, it is affirmed. *Alonzo*, 435 F.3d at 554-55; *Johnson*, 445 F.3d at 797-98.

*United States v. Robinson*, 189 Fed. Appx. 352, 353 (5th Cir. 2006).

A district court is not required to reconsider, on motion to vacate, set aside or correct sentence, claims of error already determined on direct appeal. *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir.), *cert. denied*, 476 U.S. 1118 (1986) ; *United States v. Rocha*, 109 F.3d 225, 229-30 (5th Cir. 1997). Leon Robinson's claims are, therefore, procedurally barred from collateral review and shall be dismissed for that reason.

In sum, for the reasons set forth above, the instant motion by Leon Robinson to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 shall be dismissed as procedurally barred. A final judgment consistent with this memorandum shall issue today.

**SO ORDERED**, this the 15th day of August, 2008.

        **/s/ MICHAEL P. MILLS**
        **CHIEF JUDGE**
        **UNITED STATES DISTRICT COURT**
        **NORTHERN DISTRICT OF MISSISSIPPI**