# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

LEON ROBINSON

v.                                                                              NO.: 4:05-cr-090-MPM

UNITED STATES OF AMERICA

## ORDER

This matter comes before the court for consideration on the petitioner Leon Robinson's *Second or Successive Motion to Correct Sentence under 28 U.S.C. § 2255* [85]. The Government has filed a response to the motion. The court has considered the motion and response as well as the relevant case law and evidence, and is now prepared to rule.

## PROCEDURAL BACKGROUND

On December 8, 2005, Leon Robinson was sentenced to a term of 262 months imprisonment after a jury conviction for possession of a firearm by a convicted felon under the Armed Career Criminal Act ("ACCA"), having previously been found to be an armed career criminal under 18 U.S.C. § 924(e). Robinson was found to have three previous qualifying convictions for felonies under Illinois law: attempted armed robbery, armed robbery, and robbery. After affirmation on appeal and denial and dismissal of two motions to vacate, Robinson once again comes before the court under a new theory, claiming that his previous convictions for robbery no longer qualify as "violent felonies" and thus the ACCA enhancement was improper for his 2005 conviction for being a felon in possession of a firearm.

## STANDARDS AND APPLICABLE STATUTES

The ACCA defines a "violent felony" as "any crime punishable by imprisonment for a term exceeding one year or any act of juvenile delinquency involving the use or carrying of a firearm,

knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that— (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). The Illinois robbery statute under which Robinson was previously convicted reads in part: "A person commits robbery when he or she knowingly takes property […] from the person or presence of another by the use of force or by threatening the imminent use of force." 720 Ill. Comp. Stat. Ann. 5/18-1.

## DISCUSSION

Robinson's current motion relies on the Supreme Court's decision in *Johnson v. United States*, which struck down the residual clause found in the ACCA. 135 S. Ct. 2551 (2015). *Johnson* explicitly struck down the ACCA's residual clause as "void for vagueness." However, that is only one of three clauses in the ACCA. Along with the residual clause, there is also the "enumerated offenses clause" and the "elements clause." The Supreme Court specifically held that its decision "does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony. *Id.* At 2563. Robinson's sentence was not enhanced under the enumerated offenses clause as none of his previous offenses were burglary, arson, or extortion, nor involved the use of explosives. This court must now determine whether this enhancement was proper under the elements clause of the ACCA.

The elements clause states a "violent felony" is a "crime punishable by imprisonment for a term exceeding one year . . . that has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B). The Illinois statute under which Robinson was sentenced provides: "[a] person commits robbery when he or she knowingly

takes property . . . from the person or presence of another *by the use of force or by threatening the imminent use of force.*" 720 Ill. Comp. Stat. Ann. 5/18-1 (emphasis added). The Illinois statute patently "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B).

While the Fifth Circuit Court of Appeals has not specifically ruled on whether a conviction under this particular Illinois statute constitutes a "violent felony" after *Johnson*, the Seventh Circuit, to which Illinois is assigned, has held that it does. "The Seventh Circuit has unequivocally held that a 'violation of the Illinois robbery statute *per se* constitutes a violent felony for purposes of [the elements clause under] 18 U.S.C. § 924(e)(2)(B).'" *Dorsey v. United States*, 2017 WL 1283503 at *5, quoting *United States v. Dickerson*, 901 F.2d 579, 584, (7th Cir. 1990); see also, *United States v. Carter*, 910 F.2d 1524, 1532 (7th Cir. 1990) ("It is beyond dispute that under Illinois law, robbery is an offense that has as an element the use or threatened use of force"). A district court in the Northern District of Indiana reached the same holding. "[I]n its own terms [the Illinois Robbery statute] includes the elements of either 'use of force or . . . threatening the imminent use of force,' that clearly come within the scope of 18 U.S.C. § 924(e)(2)(B)." *Lewis v. United States*, 2017 WL 2437376 at *4-5, *citing United States v. Carter*, 910 F. 2d 1524, 1532 (7th Cir. 1990).

The court finds the 7th Circuit's analysis persuasive and finds that 720 Ill. Comp. Stat. Ann. 5/18-1 includes "the use, attempted use, or threatened use of physical force against the person of another" as one of its elements. Therefore, the elements clause of the Armed Career Criminal

Act is satisfied. As such, the petitioner's motion before the court [85] is DENIED.

SO ORDERED, this the 1st day of May, 2018.

/s/ MICHAEL P. MILLS
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**